**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| ANTONIO J. SIMMONS, ) | |
| ) | No. 2:11-cr-00347-DCN |
| Petitioner, ) | No. 2:12-cv-02418-DCN |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

  This matter is before the court on petitioner Antonio J. Simmons' motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, and on the government's motion to dismiss or, in the alternative, for summary judgment. For the reasons set forth below, the court denies Simmons' petition for habeas relief and grants the government's motion.

## I. BACKGROUND

  On March 8, 2011, petitioner was named as one of two co-defendants in a two-count indictment. Count 2 charged petitioner as a felon in possession of a firearm in violation of Title 18, United States Code, § 922(g)(1), § 924(a)(2), and § 924(e).

  On July 12, 2011, petitioner entered a plea of guilty on Count 2. Subsequently, on November 2, 2011, petitioner was sentenced to a term of imprisonment for 84 months, followed by a three-year term of supervised release. Petitioner directly appealed to the Fourth Circuit Court of Appeals, which, on May 10, 2012, affirmed his sentence.

  On August 21, 2012, petitioner filed the instant petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. On June 4, 2013, the government filed a motion to dismiss petition or, in the alternative, for summary judgment. On July 26,

1

2013, petitioner filed a timely response in opposition to the government's motion, making this case ripe for judicial review.

## II.  STANDARD OF REVIEW

Petitioner appears pro se in this case.  Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980).  Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

Petitioner proceeds under 28 U.S.C. § 2255(a), which provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioner must prove the grounds for collateral attack by a preponderance of the evidence.[1]  See King v. United States, No. 05-0218, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

If, on a motion to dismiss, the court considers matters outside of the pleadings, such as a party's supporting memoranda and attachments, the court treats the motion as

---

[1] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  The court has reviewed the record in this case and has determined that a hearing is not necessary.

one for summary judgment. Fed. R. Civ. P. 12(d). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Because, in this case, the court considers matters outside the pleadings, it treats the government's motion as one for summary judgment.

### III.  DISCUSSION

Petitioner raises three grounds for relief under Section 2255. He alleges that United States v. Simmons, 649 F.3d 237 (4th Cir. 2011),[2] reflects an intervening change in the law which affects his sentencing. Petitioner also alleges that Amendment 742 of the United States Sentencing Guidelines reduces the number of points he should have been assigned at sentencing. Lastly, petitioner reserves his "right under Rule 15 of F.R. Civ. P. to amend or supplement his initial § 2255 motion on a later date, if needed."

**A. Intervening Change in the Law**

Petitioner claims that Simmons constitutes an intervening change in the law that prevents the government from using his previous South Carolina drug convictions as predicate convictions for purposes of 18 U.S.C. § 922(g)(1). Petitioner essentially argues that Simmons applies to his case and, as a result, he has no prior state conviction that would qualify as predicate convictions for the purpose of his indictment as a felon in possession of a firearm. Pet'r's Br. 15. This argument both overstates and misapplies Simmons.

---

[2] The appellant in Simmons is unrelated to Antonio J. Simmons, the petitioner in this case.

As an initial matter, Simmons cannot be considered an intervening change in the law that would justify habeas relief because it was decided two and a half months before petitioner was sentenced. Second, while Simmons did hold that certain North Carolina state convictions do not qualify as predicate felony convictions for the purpose of § 922(g)(1), it did not bar district courts from ever considering any state convictions as predicate felony convictions. 649 F.3d at 240. Third, Simmons dealt with a particularity of North Carolina law that does not exist in the case at bar. Id.

A predicate offense for purpose of indicting petitioner as a felon in possession of a firearm is any crime punishable by imprisonment for a term exceeding one year. See 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess . . . any firearm."). Petitioner has two convictions that undoubtedly qualify as predicate convictions for purposes of the petitioner's indictment as a felon in possession of a firearm. First, he was sentenced to a term of imprisonment not to exceed six years under the Youthful Offender Act for distribution of crack cocaine. Presentence Investigation Rep. ¶17, ECF No. 73. The potential sentence was a term of imprisonment not to exceed fifteen years. S.C. Code § 44-53-375. Second, petitioner was convicted for possession with intent to distribute crack cocaine and sentenced to ten years. Presentence Investigation Rep. ¶18, ECF No. 73. The potential sentence for this conviction was a term of imprisonment not to exceed fifteen years. S.C. Code § 44-53-375. Although he was placed on probation after serving 140 days of his ten year sentence, this and the previous conviction qualify as predicate offenses for the purpose of indicting petitioner as a felon in possession of a firearm. See 18 U.S.C. § 922(g)(1).

Petitioner's claim of an intervening change in the law fails.

**B. Amendment 742**

Petitioner also claims that Amendment 742 of the United States Sentencing Commission Guidelines entitles him to a two-point reduction in the calculation of his criminal history score.  Pet'r's Br. 18.  Amendment 742 eliminated Section 4A1.1(f), which awarded an offender two points – often called "recency points" – when the offense of conviction was committed within two years of release from imprisonment on a prior conviction.  U.S. Sentencing Guidelines Manual App'x Supp., Amend. 742.

Petitioner is correct that Amendment 742 was in effect at the time of his sentencing and that, as result, he should not have received any recency points based upon his criminal history.  In fact, he did not receive any recency points.  Rather, petitioner was awarded two points in accordance with Section 4A1.1(d), which awards two points when the offense is committed while offender is on probation.  Petitioner was on probation when the offense was committed.  Presentence Investigation Rep. ¶18, ECF No. 73.

Because petitioner was never awarded any points under 4A1.1(f), his claim that Amendment 742 entitles him to a point reduction also fails.

**C. Reserving Right to Amend or Supplement Initial §2255 Motion**

Petitioner finally "reserves the right under Rule 15 of F.R.Civ.P. to amend/or supplement his initial § 2255 motion on a later date, if needed." Pet'r's Br. 8.  Petitioner's reply indicates that he wishes to be able to amend the present Section 2255 petition if, at any time in the future, he obtains information that would benefit his position or the law changes in his favor. Pet'r's Reply 4-5.  Petitioner argues that his motion should be held

open indefinitely because the conditions of his imprisonment and his former attorney's unwillingness to send him his case file have made it difficult for him to file a comprehensive Section 2255 petition. Pet'r's Reply 4.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings in civil cases. The Federal Rules of Civil Procedure, including Rule 15, apply to federal habeas proceedings only "to the extent that the practice in those proceedings: (A) is not specified in a federal statute, . . . or the Rules Governing Section 2255 cases . . . ." Fed. R. Civ. P. 81(a)(4).

Rule 15 does not allow a motion to be held open indefinitely at the leisure of plaintiff. Moreover, to interpret Rule 15 in the manner petitioner suggests would eviscerate the one-year limitation period imposed by 28 U.S.C. § 2255(f). Because 28 U.S.C. § 2255(f) explicitly limits the time frame in which a prisoner may bring his section 2255 petition, the court finds that Rule 15 does not govern petitioner's open-ended assertion of his right to amend his petition.

Accordingly, petitioner's argument that his motion may act as a placeholder to indefinitely hold his motion in abeyance fails.

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** petitioner's request for relief under 28 U.S.C. § 2255, ECF No. 106, and **GRANTS** the government's motion to dismiss or, in the alternative, for summary judgment, ECF No. 127.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 28, 2014**
**Charleston, South Carolina**